## 11686.   CARTER *v.* THE STATE.

1. The admission of testimony as to the finding of stills near the house of the defendant, who was being tried on the charge of selling whisky, was not ground for a new trial, under the facts of this case. BLOOD-WORTH, J., dissents.

2. No expression or intimation of opinion as to what was proved was made by the judge in stating to the jury that the evidence as to the stills around the defendant's house was admitted "as a circumstance, showing what it may, with regard to his (defendant's) having the

liquor that they claim he got somewhere; that it was his and some-
body else's;" the judge immediately adding: "I don't state anything
about what is proved."

3. The instruction as to what would constitute a sale was not ground for
a new trial.

4. The admission of testimony as to payment by check was not error.

5. The verdict of guilty was authorized by the evidence.

DECIDED JANUARY 28, 1921.

Indictment for sale of liquor; from Douglas superior court —
Judge Irwin. June 15, 1920.

The instruction quoted as to what would constitute a sale was
complained of on the grounds that " there must be a consideration,
or something of value given, paid, or promised, moving to the
contract or sale, before a sale is completed, and the only considera-
tion that the State attempted to prove was the alleged check;"
and that the charge " amounted to taking from the jury the right
to consider whether there had been a sale, under the evidence, or
not, and to virtually stating to the jury that there had been a sale."

The testimony as to payment by check was objected to on the
grounds that the check itself was higher and better evidence, that
the defendant had not been called upon to produce the check, and
that the State had not shown that the check was not in the
possession of its witnesses.

*John H. Hudson, James & Bedgood,* for plaintiff in error.

*J. R. Hutcheson, solicitor-general,* contra.

BROYLES, C. J. 1. The defendant was charged with selling
whisky. Several grounds of the amendment to the motion for a
new trial complain that the court allowed, over the objections of
the defendant, two named witnesses to testify to the fact that
"stills" had been found near where the defendant lived. In ad-
mitting this testimony the court specifically instructed the jury
as follows: " I have admitted the evidence of the stills around the
defendant's house as a circumstance, showing what it may, with
regard to his (defendant's) having the liquor that they claim
he got somewhere; that it was his and somebody else's. I don't
state anything about what is proved, or anything of that kind,
nothing as to what the proof is." The defendant, in his state-
ment to the jury, had said that he never sold any whisky, because
he had nothing to make any out of, and would not know how to
make it if he did. Furthermore, another witness testified, with-

out any objection being interposed, as to the existence of stills near the defendant's house. Under these circumstances the admission of the evidence objected to does not require a new trial.

2. The court in the instruction to the jury just quoted did not intimate or express an opinion as to what had been proved in the case.

3. When considered in connection with the entire charge, there was no error, for any reason assigned, in the following excerpt from the charge: " When the State shall have shown you that liquor was delivered and a price agreed upon, I charge you that would complete the sale, irrespective of whether or not there was anything paid at all for it. If the liquor was delivered and a price agreed upon between the parties, that constitutes a sale under the law, and if any money was not paid, nor anything else of value, it would be á complete sale. There has been some evidence admitted about a check,— not the contents of the check, but about a check, and that it was delivered. You will consider that evidence."

4. The court did not err in allowing witnesses to testify, over the objections of the defendant, that when the defendant sold the whisky he was paid with a check, the court instructing the jury as follows: " There has been some evidence admitted about a check,— not the contents of the check, but about a check, and that it was delivered. You will consider that evidence. I have not allowed the contents of the check to be gone into, for it was not insisted by the State that they have accounted for its non-production. But, whether there was a check passed or whether there was not a check passed, if you are satisfied in this case beyond a reasonable doubt that the defendant delivered the whisky and that a price was agreed upon between him and the purchaser at the time, as I have charged you, that would complete the sale, whether there was a check passed or whether there was not a check passed, or whether there was any money paid or not. "

5. The verdict was authorized by the evidence, and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Luke, J., concurs. Bloodworth, J., dissents.*

BLOODWORTH, J., dissenting. I cannot agree to the majority opinion in this case. The record shows that the sheriff, over proper and timely objections, was allowed to testify that he had destroyed two stills in the locality in which the accused

lived, and that at one he had destroyed "thirteen or fourteen stands of beer," and this still was shown to have been within fifteen feet of land which the accused was cultivating and where he had been recently plowing. At the other still he destroyed "two or three stands of beer", and from this one "the path led in the direction of Henry Carter's house." He gave other details about the stills. It is not shown when these stills were destroyed. It is true that another witness testified, without objection, "I live about a half mile from where they say they got the stills. There are several still places over there. . . He lived about a half mile from where the still was." This was all this witness swore about stills. This evidence did not connect the accused with the distilleries any more than it did the witness. (This witness also swore: "I have known Henry Carter since he was coming six years old. I never knew him to deal in whisky in my life; have never seen him with a drop, and never smelled whisky on him in my life.") This evidence cannot be said to be substantially the same as that of the sheriff. His evidence went much more into details and was much more specific. The object of the sheriff's testimony to which objections were urged was to show that the accused was guilty of manufacturing intoxicating liquors. This is a separate and independent crime from the one for which he was being prosecuted. The general rule is that "evidence of the commission of a crime other than the one charged is not admissible." *Cawthon* v. *State,* 119 *Ga.* 396 (4) (46 S. E. 897). In the case just cited, the court said (p. 409): "In order to justify the admission of evidence relating to an independent crime committed by the accused, it is absolutely essential that there should be evidence establishing the fact that the independent crime was committed by the accused and satisfactorily connecting that crime with the offense for which the accused is indicted. *Even if the evidence establishes the commission by the accused of the independent offense, it is inadmissible until it is shown satisfactorily that that crime had some connection with the transaction then under investigation."* (Italics mine.) The facts of the case under consideration do not show that the crime of "manufacturing intoxicating liquors was committed by the accused, nor does it satisfactorily connect that crime with the offense for which he was tried. In order for one crime to be evidence of

another there must be a connection between them, and, as was said by Mr. Underhill in his work on Criminal Evidence, § 88, p. 110: "This connection must clearly appear from the evidence. Whether any connection exists is a judicial question. If the court does not clearly perceive it, the accused should be given the benefit of the doubt, and the evidence should be rejected. The minds of the jurors must not be poisoned and prejudiced against the prisoner by receiving evidence of this irrelevant and dangerous description." Without passing on the other grounds of the amendment to the motion for a new trial, this error alone, in the opinion of the writer, required the grant of a new trial.